UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARIUS MICHAEL DUGGAN,

                Plaintiff,

                                                **Hon. Hugh B. Scott**

              v.                                              13CV424A

                                                               **Report**
                                                                  **and**
CAROLYN W. COLVIN, Acting                    **Recommendation**
Commissioner of Social Security[1],

                Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 14 (defendant Commissioner), 15 (plaintiff)).

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

The plaintiff, Darius Michael Duggan ("Duggan" or "plaintiff"), filed an application for disability insurance benefits on October 1, 2009. That application was denied initially and on reconsideration. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Ms. Colvin is substituted for now former Commissioner Michael J. Astrue as Defendant in this action; no further action is required, 42 U.S.C. § 405(g).

considered the case de novo and concluded, in a written decision dated September 29, 2011, that the plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on March 7, 2013, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on April 29, 2013 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 15, 14). The motions were submitted on papers.

## FACTUAL BACKGROUND[2]

Plaintiff was born on April 20, 1982, and was 29 years old at the time of his hearing before the ALJ. He has a high school education and worked as a car wash attendant, worked in his uncle's restaurant, worked as a furniture delivery helper, and worked county fair concessions for less than two weeks in 2010 (R. 26).

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff has severe impairments for congenital central hypoventilation syndrome (or "CCH") with resultant sleep apnea, attention deficit hyperactivity disorder ("ADHD"), impulse control disorder, not otherwise specified, personality disorder with antisocial features, and polysubstance abuse/dependence (R. 26). The ALJ found that plaintiff may have an impairment or combination of impairments that meet or exceed regulatory standards for disability, but continued the five-step analysis to determine if plaintiff's substance abuse is a contributing factor material to a disability finding (R. 26, 22), see 20 C.F.R. § 416.935, Pub. L. No. 104-121.

---

[2] References noted as "(R.__)" are to the certified record of the administrative proceedings.

In January 2010, Dr. Renee Baskin, Ph.D., the examining psychologist estimated that plaintiff's intellectual functioning was in the below average to borderline range (R. 29, 320). The ALJ, however, found that this finding was inconsistent with plaintiff's IQ tests when he was a 12th grader in September 1998, when he had verbal IQ score of 99, performance IQ of 95, and full-scale IQ of 97 (R. 29, 196). The ALJ explained Dr. Baskin's findings may have been due to plaintiff's use of alcohol and marijuana, since plaintiff admitted to Dr. Baskin that he smoked marijuana daily and stopped drinking only two months before the evaluation (R. 29). Dr. Baskin discounted plaintiff's alcohol use concluding that he may be minimizing his actual use (R. 29, 321-22).

The ALJ concluded that plaintiff's mental impairments met listings 12.04, 12.06, or 12.08, but, when factoring in plaintiff's substance abuse, the ALJ found that plaintiff's impairments were only moderate restriction of his activities of daily living, marked difficulties in maintaining social functioning, marked difficulties in maintaining concentration, persistence or pace, and no episodes of decomposition (R. 35-36), concluding that the requirements of paragraph B were met (R. 36).

The ALJ found plaintiff's residual functional capacity was that he could perform all ranges of physical work, with mental limitations, to simple unskilled work tasks (R. 36), but cannot perform past relevant work (R. 37-38). With his substance use disorder, the ALJ found that there were no jobs in the national economy that plaintiff could perform, but if plaintiff stopped substance use, he would not have an impairment that meets or equals any listed impairments in the Social Security regulations (R. 38, 39) and he could return to his past relevant work as a car wash attendant (R. 45). The ALJ found that plaintiff's treatment history was

inconsistent with his allegations (R. 41) and that he was only partially credible as to his activities and limitations (R. 41).  As a result, the ALJ found that, if plaintiff stopped substance abuse, he would not be disabled (R. 45).

Following the ALJ's decision, plaintiff had additional information from a treating physician, Dr. Shawn Cotton (R. 401-02), which the Appeals Council received into the record (R. 4, 5).  Nevertheless, the Appeals Council affirmed the ALJ's determination (R. 1).  Plaintiff argues that the Appeals Council did not state a reason for rejecting Dr. Cotton's information in denying his appeal (Docket No. 15, Pl. Memo. at 14), see Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999); Beck v. Colvin, No. 12CV6495, 2013 WL 33571, at 8, 2013 U.S. Dist. LEXIS 144854, at *10 (W.D.N.Y. Oct. 7, 2013) (Telesca, J.).  Dr. Cotton noted that plaintiff has CCH and mood disorders and was a past drug user, seeking biweekly treatment for his addiction and has abstained (R. 401).  Dr. Cotton states that plaintiff has been unable to work due to the combination of ailments, even in employment situations from friends and family (id.).

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence.  See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991).  Substantial evidence is defined as "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

4

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that his impairment prevents him from returning to his/her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

>    (1) whether the plaintiff is currently working;
>    
>    (2) whether the plaintiff suffers from a severe impairment;

>  (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
>  (4) whether the impairment prevents the plaintiff from continuing his past relevant work; and
>
>  (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467.  If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).  However, it should be noted that the ALJ has an affirmative duty to fully develop the record.  Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing his past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work he has done in the past.  20 C.F.R. §§ 404.1520(e) & 416.920(e).  When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work."  See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994).  The ALJ must then determine the individual's ability to return to his past relevant work given his residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Mental Impairment Requirements*

Listing 12.05 describing this condition requires a claimant to meet levels of severity under the requirements of paragraphs A, B, C, or D. Pertinent to this application, paragraph B requires the claimant to have impairments that result in two of the following: marked restriction of activities of daily life; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decomposition (R. 27). Paragraph C alternative severity criteria apply differently for different ailments. To be disabled under paragraph C, criteria of both paragraphs A and B or paragraphs B and C must be met or the claimant's resulting functional loss must medically equal the listing criteria in severity. (R. 27.) A "marked" restriction means more than "moderate" but less than "extreme."

*Application*

In the instant case, the issue here is whether plaintiff's substance abuse is a contributing factor for his other impairments. Plaintiff first argues that this matter should be remanded because the Appeals Council, while receiving a post-ALJ decision treating source statement from Dr. Shawn Cotton (R. 4, 5, 401-02), rejected this additional material without explanation (Docket No. 15, Pl. Memo. at 14; cf. R. 1).

He next contends that there is insufficient evidence in the record that impairments would improve if plaintiff no longer used alcohol or controlled substances (Docket No. 15, Pl. Memo. at 16-20).

I.       Remand to Appeal Council

Remand is appropriate here to allow the ALJ to consider the new material that plaintiff obtained following the ALJ's decision but the Appeals Council apparently did not consider in reviewing the ALJ's decision. There, Dr. Cotton found that plaintiff had ceased drug use and was seeking addiction treatment while enduring CCH and mood disorders (R. 401).

Defendant replies that the consultative physician, Dr. Miller, found that plaintiff's respiratory rate was normal (Docket No. 16, Def. Reply Memo. at 2), to counter Dr. Cotton's CCH finding. Defendant distinguishes Dr. Cotton as a family physician and not a psychiatrist and did not present treatment records to support his findings, thus diminishes the authority for Dr. Cotton's mood disorder findings (id. at 3; Docket No. 14, Def. Memo. at 21-22).

As the ALJ, the Appeals Council cannot discount a treating physician's opinion unless it lacks support or is internally inconsistent, Snell, supra, 177 F.3d at 133; Beck, supra, 2013 U.S. Dist. LEXIS 144854, at *10, and the Appeals Council can not arbitrarily substitutes its judgment for the medical opinion, Beck, supra, 2013 U.S. Dist. LEXIS 144854, at *10. The Appeals Council needed to give specific reasons why it rejects Dr. Cotton's statements in denying review and such failure is plain error, id. On remand, the ALJ can consider this treating physician's material with the rest of plaintiff's record, as well as examine the effect of his use of controlled substances on his other impairments (as discussed below).

II.      Effect of Use of Substance Abuse on Other Impairments

For a complete record, this Court next reviews plaintiff's substantive arguments. Plaintiff argues the ALJ did not show a condition that was materially caused by his drug and/or alcohol addiction, since no physician suggested that his other medical conditions were caused by

substance abuse (Docket No. 15, Pl. Memo. at 17).  He points out that Dr. Baskin diagnosed his impulse control disorder <u>caused</u> his substance abuse (<u>id.</u> at 17 n.8, at 6 n.5; <u>cf.</u> R. 321).  Plaintiff denies that the ALJ has advanced any argument that his functioning would improve if plaintiff stopped using drugs (Docket No. 15, Pl. Memo. at 18).  Plaintiff next argues that this record before the ALJ did not support the conclusion that his functioning would improve but for his drug and alcohol use (<u>id.</u> at 19).  The ALJ did not seek to review plaintiff's inpatient rehabilitation stints (<u>id.</u> at 19-20).

Defendant replies that the ALJ properly found that, if plaintiff abstained from drugs or alcohol, he had a RFC for unskilled work (Docket No. 16, Def. Reply Memo. at 3-4; <u>see</u> Docket No. 14, Def. Memo. at 13-15).  Defendant argues that this finding is supported by evidence from consultative psychologist, Dr. Baskin, and Dr. Hillary Tzetzo, the state agency psychiatric consultant (Docket No. 16, Def. Reply Memo. at 3; R. 29, 30, 321, 338, 342), but Dr. Tzetzo's finding is based upon Dr. Baskin's January 2010 evaluation (R. 338, 342, 321).

Under pertinent provisions of the Contract with America Advancement Act, an individual cannot claim a disability if alcoholism or drug addiction would be a contributing factor material to the Commissioner's determination of disability, Pub. L. No. 104-121, 110 Stat. 847 (codified at 42 U.S.C. § 1382c(a)(3)(J)).  The claimant bears the burden to demonstrate that any drug or alcohol use is not material to an otherwise favorable decision, <u>Cage v. Comm'r</u>, 692 F.3d 118, 124-25 (2d Cir. 2012).  (Docket No. 15, Pl. Memo. at 16-17.)

Plaintiff claims that no medical conditions were caused by substance abuse, but Dr. Baskin noted certain symptoms "may be due to alcohol/drug dependence," such as irritability, dysphoric moods, auditory hallucinations, fatigue and loss of energy, and palpitations (R. 321).

Thus, the ALJ did connect plaintiff's condition to his alcohol and drug use. But this is historic information and does not factor in (as discussed above) the post-ALJ materials regarding plaintiff ceasing drug use.

## CONCLUSION

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **reversed** and this matter be **REMANDED** for further administrative proceedings. Defendant's motion for judgment on the pleadings (Docket No. 14) should be **denied** and plaintiff's motion for similar relief in his favor (Docket No. 15) should be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within fourteen (14) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective Dec. 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a). <u>Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.</u>** <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>F.D.I.C. v. Hillcrest Associates</u>, 66 F.3d 566 (2d Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988).

The District Court on <u>de novo</u> review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate

Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
March 24, 2014